O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| GRISELDA ESTALA,<br><br>          Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION, et al.,<br><br>          Defendants. | Case № 2:19-cv-04536-ODW (JCx)<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO REMAND [27] AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [26]** |

## I.   INTRODUCTION AND BACKGROUND

Plaintiff Griselda Estala initiated this slip and fall action in the Superior Court of California, County of Los Angeles, on February 27, 2019. (Notice of Removal ¶ 1, ECF No. 1; *see* Notice of Removal Ex. A ("Compl."), ECF No. 1.)  Defendant Target Corporation ("Target") removed the action to this Court on May 24, 2019, based on diversity jurisdiction.  (Notice of Removal ¶¶ 4–10.)

On May 15, 2020, Plaintiff moved to remand the case ("Motion") after emailing Defendants on May 5, 2020, indicating her intention to bring the motion. (*See* Mot. to Remand ("Mot."), ECF No. 27; Decl. of Soheil Bahari ¶ 5, ECF No. 27.)  Plaintiff noticed the hearing on the Motion for June 15, 2020.  Thus, pursuant to Local Rule 7-9, any opposition was due no later than May 22, 2020. *See* C.D. Cal. L.R. 7-9

(requiring oppositions to be filed no later than twenty-one days before the motion hearing); Fed. R. Civ. P. 6(a)(1)(C) (noting that, when the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the next business day). However, to date, Defendants have filed no opposition. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.[1]

## II. DISCUSSION

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Plaintiff moves to remand this action. (*See* Mot.) Prior to granting a motion as unopposed pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *Deuschel v. UC Regents Med. Centers UC Los Angeles*, No. 2:18-CV-09616-ODW-PLAx, 2019 WL 1057046, at *2 (C.D. Cal. Mar. 6, 2019). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample time to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Accordingly, the Court **VACATES** the hearing on June 15, 2020, at 1:30 p.m.

Here, Plaintiff moved to remand the matter on May 12, 2020, and set the hearing date on June 15, 2020, thirty-four days after filing.  Plaintiff notified Defendants of its intent to file the Motion on May 5, 2020.  (Decl. of Soheil Bahari ¶ 5.)  Thus, Defendants had notice of the Motion and ample opportunity to respond. However, to date Defendants failed to oppose or otherwise respond.  Defendant Target filed its Motion for Summary Judgment one day before Plaintiff provided Defendants with notice of this Motion.  (*See* Mot. for Summ. J, ECF No. 26.)   This demonstrates that Defendants have been involved in the case and thus received electronic notices and are active in the case so have no excuse for failing to respond.  As to the merits of Plaintiff's remand Motion, Plaintiff correctly asserts that this Court no longer has jurisdiction over this matter.  This case was removed on the basis of diversity jurisdiction, but since the removal, non-diverse parties were added without opposition to the complaint.  (*See* Notice of Removal ¶¶ 3–10; First. Am. Compl. ¶¶ 3–4, ECF No. 17; Answer of Defendants Westfield Group & Culver City Mall LLC, ECF No. 21.)  As Defendants do not oppose the Motion or assert that the non-diverse parties should not have been joined, the Court finds that remand is necessary.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001).

Defendants were previously engaged in this matter and offer no excuse for failing to oppose, nor have they sought an extension of time or any other relief.  Thus, the Court construes the failure to oppose the Motion as consent to the Court granting it.  Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 27) and **REMANDS** the case to Los Angeles Superior Court, 111 N. Hill St. Los Angeles, CA 90012, case number 19STCV06733. The Court further **DENIES without prejudice** Defendant's Motion for Summary Judgment as moot. (ECF No. 26.)

**IT IS SO ORDERED.**

June 3, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**